IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,     )
    )
    v.     )     Criminal No.  08-374-12
    )     Civil No. 18-492
JEROME LAMONT KELLY,     )
    )
    Defendant.     )

## MEMORANDUM OPINION

Pending before the court are two motions: (1) a pro se § 2255 motion filed by defendant Jerome Lamont Kelly ("Kelly" or "JK") to vacate his conviction and sentence (ECF No. 1166); and (2) a motion for discovery of attorney-client privileged communications filed by the government (ECF No. 1217). The motions are ripe for decision.

I.     Factual and Procedural Background

On April 17, 2012, Kelly and co-defendant Alonzo Lamar Johnson ("Johnson")[1] were convicted by a jury of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine. On March 21, 2013, the court reviewed the trial evidence and denied Kelly's and Johnson's post-trial motions for acquittal pursuant to Federal Rule of Criminal Procedure 29. (ECF No. 916). On July 30, 2013, Kelly was sentenced to a term of imprisonment of 240 months. Kelly filed a direct appeal and his conviction and sentence were affirmed. (ECF No. 1111). Kelly's petition for rehearing en banc was denied on May 26, 2016, and his petition for certiorari was denied on April 17, 2017. Kelly filed his § 2255 motion on April 17, 2018, exactly one year later. The government does not challenge the original motion as

---

[1] On January 18, 2019, the court issued a lengthy opinion denying the § 2255 motion filed by Johnson, which raised many similar issues. (ECF No. 1233).

being untimely filed.  The government does challenge new arguments raised for the first time in Kelly's reply brief, which was not filed until December 2018.

Two major themes in Kelly's § 2255 motion involve his challenges to the grand jury proceedings and the wiretap authorization.  Kelly previously raised similar issues in separate motions, which were fully and finally litigated.  On September 20, 2017, the court issued an opinion denying Kelly's post-conviction motions for discovery of grand jury proceedings and wiretap evidence.  (ECF No. 1141).  On October 24, 2017, the court denied Kelly's motion for reconsideration.  (ECF No. 1145).  On October 18, 2018, the court of appeals summarily affirmed this court's decisions.  (ECF No. 1235).

On April 17, 2018, Kelly filed a pro se § 2255 motion, with a supplement on April 23, 2018.  (ECF Numbers 1166, 1168).  As the court noted in its October 29, 2018 memorandum opinion, the briefing schedule in this case has been unduly prolonged.  (ECF No. 1216). The government was ordered to respond to the motion by June 11, 2018.  On June 8, 2018, the government filed a motion for extension of time, which the court granted.  The court ordered the government's response to be filed by July 10, 2018. (ECF No. 1178).  The government failed to do so.  On August 1, 2018, the government filed another motion for extension of time.  (ECF No. 1187).  On August 2, 2018, the court issued an order for the government to show cause why it should not be sanctioned for its failure to timely respond.  The government filed its response to the "show cause" order on August 3, 2018.  (ECF No. 1189).  On August 8, 2018, the court granted the government an extension of time until September 1, 2018.  (ECF No. 1191).

On August 30, 2018, Kelly filed a motion to compel the government to send him copies of all documents pertaining to his § 2255 motion.  (ECF No. 1198).  Kelly's motion was written

on August 22, 2018.  Kelly represented that as of that date, he had not received the government's filings at ECF Nos. 1187 and 1189.

The government filed its substantive response to Kelly's § 2255 motion on September 4, 2018.  (ECF No. 1201). In its response, the government requested various pieces of documentary evidence and correspondence with counsel on which Kelly based his claims.  On September 26, 2018, Kelly submitted copies of his correspondence with counsel and a supporting affidavit. (ECF Nos. 1206-1208).  The court granted Kelly's motion to file a reply brief by November 13, 2018.  On December 7, 2018, the court accepted Kelly's reply brief (ECF No. 1224) as timely because it was lost in the mail and granted the government leave to file a surreply brief.  (ECF No. 1223).  The government filed a surreply (ECF No. 1227) and Kelly filed a response to the surreply (ECF No. 1239).  The § 2255 motion is now ripe for decision.


II. Kelly's Allegations

Kelly's original § 2255 motion (ECF No. 1166) asserted the following four grounds:  (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct; and (4) newly discovered evidence, namely, the affidavit of Eric Alford ("Alford") dated November 13, 2015 (the "Alford affidavit").  Kelly submitted a 36-page attachment to his motion (ECF No. 1168) in which he asserted a fifth ground for relief: actual innocence.  Kelly also reorganized his arguments into eight grounds:  (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) prosecutorial misconduct; (4) newly discovered evidence; (5) actual innocence of being a career offender and unconstitutional sentencing enhancements in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) ("*Mathis*"), and *Johnson v. United States*, 135 S. Ct. 2552 (2015) ("*Johnson*"); (6) challenging the denial of

his request for discovery of grand jury and wiretap materials[2]; (7) unconstitutional conviction; and (8) lack of indictment by the grand jury. The specific arguments are summarized below.

1. Trial Counsel

Kelly contends that trial counsel was ineffective by: (1) lying about interviewing Alford as a potential witness; (2) abandoning him at certain stages of the case; (3) not pursuing suppression of evidence; (4) not pursuing an actual innocence claim; and (5) not contesting sentencing enhancements. In the attachment, Kelly itemized ten alleged shortcomings. (ECF No. 1168 at 5-8).

2. Appellate Counsel

Kelly argues that appellate counsel failed to maintain an objective standard of reasonableness, failed to raise all his issues and took a half-hearted approach to his case. In particular, Kelly contends that appellate counsel failed to investigate the grand jury and the wiretap authorization. (ECF No. 1168 at 8-10).

3. Prosecutorial Misconduct

Kelly contends that the prosecution refused to provide documentation that Kelly was actually indicted by the grand jury, misled the court regarding the amount of cocaine attributed to Kelly compared to Adolph Campbell ("Campbell"), and did not provide proper discovery. In his attachment, Kelly argues that the government committed a fraud on the court by presenting false evidence to the grand jury, charging Campbell (the seller) with less than 5 kilograms of cocaine while Kelly (the buyer in the same transaction) was charged with more than 5 kilograms, and introducing 8 kilograms of cocaine into evidence because Kelly would not cooperate. (ECF No. 1168 at 10-13).

---

[2] Kelly admits that he appealed these decisions in Third Circuit Court of Appeals Case No. 17-3457. The court of appeals rejected Kelly's arguments. *See* ECF No. 1235 (summarily affirming this court's decisions).

4. Newly Discovered Evidence

In his § 2255 motion, Kelly points to an affidavit from Alford in 2015. (ECF No. 1207-1). Kelly seeks to use the affidavit to contradict trial counsel's reason for not calling Alford as a defense witness during the trial. In the attachment, Kelly argues about the government's alleged failure to comply with the statutory requirements to seek a wiretap and the government's alleged failure to provide Jencks Act materials involving the grand jury. (ECF No. 1168 at 18-23).

5. Actual Innocence/ improper sentencing enhancements

Kelly contends that the recorded phone conversations were distorted by the government and that there was no evidence of drug trafficking by him. He also argues that he is actually innocent of being a career offender and the § 851 information was improper. (ECF No. 1168 at 23-27).

6. Challenges to discovery

Kelly again seeks discovery about grand jury and wiretap authorization matters. Kelly's arguments in this section of his § 2255 motion were raised in separate motions and subsequently rejected by the court of appeals. (ECF No. 1235).

7. Unconstitutional conviction

Although Kelly discusses decisions about prosecutorial misconduct and fraud on the court, the only concrete accusation discernible to the court is an alleged failure to turn over Jencks Act, *Brady* and *Giglio* materials by a different prosecutor in a different case, *United States v. Kubini*, 2017 WL 2573872 (W.D. Pa. June 14, 2017), several years after Kelly's trial. (ECF No. 1168 at 33-34).

8.  Grand jury indictment

Kelly cites 18 U.S.C. § 3504 for the proposition that he was not properly indicted by the grand jury and the wiretaps were not properly authorized.  (ECF No. 1168 at 34-36).

### III.  Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  The Supreme Court reads § 2255 as stating four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 625 (4th ed. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)).  The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

"As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)).  "Indeed, relief under § 2255 is available only when 'the claimed error of law was a fundamental defect [that] inherently results in a complete miscarriage of justice, and... present[s] exceptional circumstances where the

need for the remedy afforded by the writ...is apparent.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)).

A district court is required to hold an evidentiary hearing on a § 2255 motion if "the files and records of the case are inconclusive as to whether the movant is entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). "[T]he court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id.* at 545.

On the other hand, an evidentiary hearing is not required in all cases. In *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010), the court of appeals reiterated that "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition." *Accord Thomas*, 221 F.3d at 437 ("We certainly agree that more than a few of Thomas's twenty-six grounds appear to be quite conclusory and too vague to warrant further investigation"). As will be noted below, the court finds that some of Kelly's contentions have already been resolved and others are too vague and conclusory to merit extended analysis. The court concludes that an evidentiary hearing is not necessary in this case because, as described below, based upon the file and records in this case Kelly is not entitled to relief.

IV. Scope of § 2255 Review

The government contends that many of Kelly's arguments are procedurally defaulted, either because he failed to raise those issues at the appropriate time, or alternatively, because he already raised those issues in his unsuccessful direct appeal. Section 2255 reviews are not intended to revisit the underlying conviction in its entirety; rather, it is Kelly's burden to articulate a specific and substantial alleged violation of his rights. *Frady*, 456 U.S. at 170 (it is defendant's burden to

show errors that caused actual and substantial disadvantage, infecting trial with error of constitutional dimension).

An issue that could have been raised on direct appeal, but was not, is subject to procedural default. *United States v. Sokolow*, 1999 WL 167677 (E.D. Pa. Mar. 23, 1999) (citing *Frady*, 456 U.S. at 162-67). Procedurally defaulted claims are waived unless a habeas petitioner demonstrates either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent. *Parkin v. United States*, 565 F. App'x 149, 151 (3d Cir. 2014).

In addition, this court cannot reconsider arguments that <u>were</u> raised and rejected by the court of appeals in Kelly's direct appeal or other post-trial motions. *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) ("many cases" have held that § 2255 may not be used to relitigate questions which were raised and considered on direct appeal). Kelly raised three issues in his direct appeal: (1) the evidence was insufficient to support conviction of the charged conspiracy because it proved only a buyer-seller relationship by Kelly; (2) the court erred by admitting an expert opinion regarding Kelly's status as a conspirator; and (3) the prosecutor committed misconduct in his closing argument. The court of appeals rejected these contentions and affirmed Kelly's conviction and sentence. (ECF No. 1111-2).

Kelly's challenges to the grand jury and wiretaps were also fully litigated. On September 20, 2017, this court denied Kelly's motion for discovery to support a § 2255 motion on his theory that the grand jury documents were fake. (ECF No. 1141) In the same opinion, the court held that Kelly's request for discovery on the wiretap authorization was futile because the court previously concluded Kelly lacked standing. *Id*. (citing ECF No. 841). The court rejected Kelly's motion for reconsideration (ECF No. 1145). The court of appeals summarily affirmed these decisions. (ECF No. 1235).

Kelly is again challenging the validity of the grand jury and wiretaps in his § 2255 motion (albeit sometimes styled as ineffective assistance of counsel claims). Because the court of appeals rejected Kelly's challenges to the grand jury and wiretaps, this court will not address them. *United States v. Jackson*, No. CR 08-731-1, 2016 WL 3014843, at *3 (E.D. Pa. May 25, 2016) (rejecting § 2255 petitioner's attempt to recast arguments as ineffective assistance of counsel claims, so that he may re-litigate matters that previously were decided against him by the district court and by the Third Circuit Court of Appeals) (quoting *United States v. Bailey*, No. CIV. 08-787, 2011 WL 166693, at *4 (W.D. Pa. Jan. 19, 2011)).

## V.  Untimeliness

The government contends that any new arguments raised in Kelly's reply brief (ECF No. 1224) were well beyond the one-year limitations period and must be denied because they were untimely filed. As recently explained in *United States v. Waller*, No. CR 14-40, 2018 WL 3459769, (W.D. Pa. July 18, 2018):

> A petitioner who has filed a timely § 2255 motion may not amend it to raise new claims after expiration of the one-year limitation period. *See United States v. Duffus*, 174 F.3d 333, 336-37 (3d Cir. 1999). However, the "relation back" principle of Federal Rule of Civil Procedure 15 applies to § 2255 motions, and "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). This means that a new claim only may be raised in an untimely amended motion if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Hodge v. United States*, 554 F.3d 372, 377 (3d Cir. 2009) (quoting Fed. R. Civ. P. 15(c)(1)(B) ). However, relation back of a new, untimely § 2255 claim is impermissible if it is "supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 378 (quoting *Mayle*, 545 U.S. at 650).

*Id.* at *4. Courts must consider whether a new, otherwise untimely, claim is tied to a common core of operative facts with the timely claim. *Hodge*, 554 F.3d at 378.

Specifically, Kelly argued for the first time in his reply brief that based on *Alleyene v. United States*, 570 U.S. 99 (2013), a jury was required to determine the amount of cocaine attributed to him. The government cited *United States v. Barrett*, 178 F.3d 34, 57 (1ˢᵗ Cir. 1999), for the proposition that claims raised for the first time in a reply brief need not be considered. In his response to the government's surreply, Kelly characterizes this argument as another basis for ineffective assistance of counsel, for failing to contest sentencing enhancements. (ECF No. 1239 at 14). The court will consider the reply brief because it clarifies the ineffective assistance of counsel claims raised in his original, timely § 2255 motion.

In his response to the government's surreply (ECF No. 1239 at 22), Kelly raises a new argument based on the First Step Act. The government did not address this argument and it does not relate back to the contentions raised in Kelly's original § 2255 motion. If Kelly seeks relief under the First Step Act, he must file a proper separate motion.[3]


## VI. Ineffective Assistance of Counsel Claims

Kelly's other claims of ineffective assistance of counsel are not procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 504 (2003). His § 2255 motion is the proper forum to raise those claims. The court, therefore, will consider whether Kelly's trial and appellate attorneys were constitutionally ineffective.

To support a claim that counsel's assistance was so defective as to amount to a deprivation of one's Sixth Amendment right to effective assistance of counsel and require reversal of a conviction, a defendant must show two things: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused him prejudice. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see Ross v.*

---

[3] *See infra* at 14 n.4.

*Dist. Att'y of the Cnty. of Allegheny*, 672 F.3d 198, 210 (3d Cir. 2012). To show deficient performance, defendant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id.* at 210.

"With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." *Harrington*, 562 U.S. at 104. It is not enough to show that counsel's errors had "some conceivable effect on the outcome of the proceeding." *Id.* (citing *Strickland*, 466 U.S. at 693). If a court determines that defendant did not suffer prejudice, it need not determine whether counsel's performance was deficient. *Marshall v. Hendricks*, 307 F.3d 36, 87 (3d Cir. 2002) (citing *Strickland*, 466 U.S. at 697)). Courts should generally address the prejudice prong first. *See McAleese v. Mazurkiewicz*, 1 F.3d 159, 170 (3d Cir. 1993). In this case, the court will address the prejudice prong with respect to the claims of ineffective assistance of counsel first because it is dispositive.

a. Summary of the Record

As background for the prejudice analysis, the evidence presented at trial against Kelly was sufficient to prove his guilt to the larger conspiracy charged in the superseding indictment (referred to as the "Alford conspiracy" based on co-defendant Eric Alford) beyond a reasonable doubt. The court thoroughly summarized that evidence in denying Kelly's motion for acquittal. (ECF No. 916). In particular, the court quoted from some of the intercepted phone calls that the government played for the jury about a transaction to purchase 4 kilograms of cocaine on June 30, 2008, expert testimony about the intercepted calls, and witness testimony about surveillance

of the transaction and explained the legal principles governing the crime of conspiracy. Kelly's efforts to re-argue the case and his allegations that his counsel was ineffective at trial because he was convicted are not persuasive.

b. Trial Counsel

Kelly contends that trial counsel violated the ABA standards by not performing an adequate investigation. Kelly did not provide details, other than noting that counsel filed numerous motions to extend time and gave him (Kelly) limited discovery, including wiretap CDs and some papers. (ECF No. 1168 at 5). Kelly also argues that counsel was ineffective in: (1) not challenging the illegal search of his house, (2) failing to object to head nods and gestures made by the jury foreperson, (3) abandoning him at certain stages of the case, and (4) threatening to resign if he kept asking her to investigate the grand jury. These allegations are too conclusory to show prejudice and therefore do not merit further discussion. Kelly did not demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Thomas*, 221 F.3d at 437.

Kelly contends that counsel was ineffective in failing to object to admission of 8 kilograms of cocaine seized in Ohio. More generally, Kelly faults counsel for not challenging evidence that had nothing to do with him. The superseding indictment charged Kelly with "conspiracy" to distribute cocaine. A drug conspiracy may involve numerous suppliers and distributors operating under a common agreement. *United States v. Theodoropoulos*, 866 F.2d 587 (3d Cir. 1989). "To establish a single conspiracy, the prosecutor need not prove that each defendant knew all the details, goals or other participants." *United States v. Quintero*, 38 F.3d 1317, 1337 (3d Cir. 1994) (citing *United States v. Padilla*, 982 F.2d 110 (3d Cir.1992). The cocaine seizure was admissible to prove the conspiracy even if Kelly did not know the details or

the people involved. As noted above, the government's evidence was sufficient to convict Kelly beyond a reasonable doubt. Kelly was not prejudiced by this conduct because any objection would have been futile.

Kelly contends that counsel lied to him and to the court about going to interview Alford. Trial counsel represented to the court on April 16, 2012, that she talked to Alford over the weekend, advised Kelly that it would not be a good idea to call Alford as a witness, and Kelly agreed. (ECF No. 851 at 5). Kelly was questioned by the court and confirmed that he agreed with counsel that even though Alford was subpoenaed to testify, Alford should not be called as a witness. (ECF No. 851 at 29). In an affidavit dated November 13, 2015, Alford states that he never spoke to trial counsel regarding his testimony on behalf of Kelly. (ECF No. 1207-1). Although this is a serious matter, Kelly failed to demonstrate prejudice and therefore the court need not resolve this credibility dispute. Kelly did not demonstrate that the decision to not call Alford as a witness affected the outcome of the trial. Alford's credibility was subject to serious challenge because he was convicted as a conspirator in this case; and he would be subjected to cross-examination by the government about the telephone calls and surveillance on June 30, 2008. Alford's affidavit does NOT state that Kelly was actually innocent or that his testimony would have been favorable to Kelly. Instead, Alford's affidavit merely states that he was "willing to present facts" and that he "had no intentions whatsoever, to obstruct justice, or give false testimony for the defense." (ECF No. 1207-1). Decisions regarding which witnesses to call are "precisely the type of strategic decision[s] which the Court in *Strickland* held to be protected from second-guessing." *United States v. Merlino*, 2 F.Supp.2d 647, 662 (E.D. Pa.1997). Under the circumstances of this case, without evidence that Alford's testimony would have been favorable to Kelly, no prejudice was shown and relief cannot be granted under § 2255.

Kelly contends that counsel was ineffective in failing to investigate the grand jury proceedings. As noted above, Kelly's challenge to the grand jury was fully litigated and rejected. Kelly was not prejudiced by this conduct. *Jackson*, 2016 WL 3014843, at *3 (§ 2255 petitioner cannot recast arguments as ineffective assistance of counsel claims to relitigate matters that previously were decided against him).

Kelly contends that counsel was ineffective in failing to challenge the § 851 information about a prior conviction, which increased the applicable statutory mandatory minimum sentence. On February 14, 2012, the government filed a § 851 information based on a prior felony drug offense conviction, namely possession with intent to deliver and/or delivery of a controlled substance in violation of 35 Pa. Stat. § 780-113(a)(30) at Allegheny County Crim. No. CC200400255, for which Kelly was sentenced to one to three years of imprisonment.[4] (ECF No. 736). A copy of the docket was attached. (ECF No. 736-1). In "ground 5" of the attachment, Kelly argues that enhancing his sentence based on this conviction is unconstitutional because 35 Pa. Stat. § 780-113(a)(30) "sweeps more broadly than the generic federal definition." (ECF No. 1168 at 23-24). Kelly did not clarify his argument and the court of appeals has consistently rejected similar contentions. *See United States v. Daniels*, 915 F.3d 148, 161 (3d Cir. 2019) (surveying recent decisions rejecting *Johnson/Mathis* challenges to prior convictions under 35 Pa. Stat. § 780-113(a)(30) and observing that "[t]he federal and Pennsylvania approaches to

---

[4] In his reply brief, Kelly explains that he never spent any time in jail because the district attorney agreed to home confinement. (ECF No. 1224 at 45). The presentence investigation report ¶ 28, to which Kelly did not object, stated that the government agreed to waive the mandatory minimum and Kelly was sentenced to a 12-month term of "intermediate punishment" and three years probation. (ECF No. 866 at ¶ 28). Under the statute at the time of Kelly's conviction, he was subject to an enhanced mandatory minimum sentence if he committed a prior "felony drug offense," as defined in 21 U.S.C. § 802(44) (an offense "punishable" by imprisonment for more than one year). The actual time Kelly spent in prison is not relevant. Under the First Step Act, Congress recently adopted a narrower term, "serious drug offense," as defined in 21 U.S.C. § 802(57), which requires a defendant to serve a prison term of more than twelve months. *See United States v. Crowder*, No. 4:17-CR-00291, 2019 WL 2296588, at *9 (M.D. Pa. May 30, 2019) (rejecting challenge to § 851 information). As noted above, if Kelly wants to pursue this issue, he must file an appropriate motion.

attempt liability in the drug offense context are essentially identical.").  Because any challenge to the § 851 information would have been futile, Kelly cannot show prejudice and he is not entitled to relief on this basis.

Kelly contends that counsel was ineffective by failing to object to the prosecutor misleading the jury about phone calls and vouching for witnesses and misstating the law.  As noted above, because Kelly's arguments about prosecutorial misconduct were fully litigated and rejected in his direct appeal, he cannot show prejudice.  *Jackson*, 2016 WL 3014843, at *3.

Kelly also advanced a claim in his reply brief based on *Alleyne*, 570 U.S. at 99, with respect to the amount of cocaine attributed to him.  The government argues that Kelly waived this issue at trial.  On April 13, 2012, the court engaged in a discussion with the parties about charging the jury on lesser included offenses.  Kelly, after consulting with counsel and a colloquy with the court, knowingly agreed to give up the opportunity to be found guilty of a lesser offense based on a lower quantity of cocaine.  If he had been found guilty of a lesser amount, it would have resulted in a lesser (or perhaps no) mandatory minimum sentence.  (ECF No. 850 ,Tr. at14-19).  Counsel cannot be faulted for failing to pursue this issue, when Kelly made the decision.  The drug quantity was submitted to the jury, and it found that 5 kilograms or more of cocaine and 28 grams or more of crack were involved in the overall conspiracy. (Verdict, ECF No. 809).  It was not necessary for the jury to make a finding about the amounts individually attributable to Kelly.  As explained in *Hardwick v. United States*, No. CV 12-7158, 2018 WL 4462397, at *14 (D.N.J. Sept. 18, 2018):

> [i]n drug conspiracy cases, *Apprendi* requires the jury to find only the drug type and quantity element as to the conspiracy as a whole, and not the drug type and quantity attributable to each co-conspirator. The finding of drug quantity for purposes of determining the statutory maximum is, in other words, to be an offense-specific, not a defendant-specific, determination. The jury must find, beyond a reasonable doubt, the existence of a conspiracy, the defendant's

> involvement in it, and the requisite drug type and quantity involved in the conspiracy as a whole.
> *United States v. Whitted*, 436 F. App'x 102, 105 (3d Cir. 2011) (quoting *United States v. Phillips*, 349 F.3d 138 142-43 (3d Cir. 2003)), <u>vacated and remanded on other grounds sub nom.</u> *Barbour v. United States*, 543 U.S. 1102 (2005).

As noted above, the court of appeals affirmed Kelly's conviction and under the circumstances, he cannot show prejudice.

In sum, because Kelly did not show prejudice with respect to his claims about trial counsel, he is not entitled to § 2255 relief due to ineffective assistance of trial counsel.

### c. Appellate Counsel

Kelly contends that counsel for his direct appeal was ineffective for not raising all his issues, and not challenging the grand jury or wiretap. Kelly argues that counsel rejected some of his issues as frivolous and based his appellate brief on the trial transcripts, rather than the entire record.

The Supreme Court has explained that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). The test for prejudice under *Strickland* in the appellate context is whether the court of appeals "would have likely reversed and ordered a remand had the issue been raised on direct appeal." *United States v. Mannino*, 212 F.3d 835, 844 (3d Cir. 2000).

As noted above, Kelly's claims about the grand jury and wiretap were rejected by the court of appeals. It would have been futile for appellate counsel to raise those arguments and he was not required to do so. Kelly did not identify any particular issue that appellate counsel should have raised that would have been stronger than the arguments he did present. *See Smith*, 528

U.S. at 288 (defendant claiming ineffective assistance by appellate counsel for failing to raise an argument must identify "issue [that] was clearly stronger than issues that counsel did present.").

In sum, Kelly did not show prejudice with respect to any claims he asserted about ineffective assistance of his appellate counsel.

### VII.    Prosecutorial Misconduct

The gravamen of Kelly's misconduct theory is that the government knowingly presented perjured testimony from FBI Special Agent Daniel Booker ("Booker") to the grand jury. Specifically, Kelly objects that (a) the intercepted phone calls never stated that he was buying 4 kilos of cocaine,[5] (b) the phone calls never established that he was "Rome," (c) the reason he was not part of the first indictment was to avoid spooking Campbell into changing phones (even though Alford, who had more ties with Campbell, was in the first indictment), and (d) Booker misled the grand jury into thinking he was an eyewitness to the June 30, 2008 transaction. It is well established that a subsequent conviction by the petit jury, after trial, renders any error in the grand jury proceeding connected with the charging decision harmless beyond a reasonable doubt. *United States v. Mechanik*, 475 U.S. 66, 70 (1986).

In his reply brief, Kelly argues that prosecutorial misconduct occurred in conducting an illegal search of his home,[6] accusing Kelly of threatening a witness and by not correcting false testimony by Anthony Hoots at trial.[7] (ECF No. 1224 at 30-33).

---

[5] Kelly's attachment recognizes that the prosecutor asked, and Booker explained, that his testimony was based on his interpretation of the calls. (ECF No. 1168 at 16).
[6] This argument is procedurally defaulted because Kelly did not file a motion to suppress evidence prior to trial. Fed. R. Crim. P. 12(b)(3)(C).
[7] In denying Kelly's Rule 29 motion, the court examined the evidence and explained, among other things, that it was the jury's role to determine Hoots' credibility. (ECF No. 916 at 25). Kelly did not show that the government knowingly presented false testimony.

The matters concerning threats to a witness were raised and resolved prior to trial. A witness received a letter threatening violence if he testified at trial. At the time, Kelly, Johnson and James Hill were the only remaining defendants. The government filed an emergency motion for a protective order and accused Kelly of using Jencks Act materials to threaten family members of the witness. (ECF No. 793). At the hearing, the court was made aware that Kelly did not possess copies of the Jencks Act materials. Transcript at 16 (ECF No. 845). The government explained that evidence relating to Kelly was at least third-hand and did not request the revocation of his bond. Transcript at 101, 104. The government filed a motion (ECF No. 801) to prevent testimony at trial about the alleged witness intimidation, but the motion was denied as moot. (Minute Entry of April 13, 2012). This issue did not impact Kelly's conviction or sentence and could not be prejudicial. It does not warrant relief under § 2255.

To the extent that Kelly is attempting to articulate a different "fraud on the court," *see* ECF No. 1168 at 10-13, he failed to do so. In *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005), the court explained that such actions are "so rare" that a plaintiff has "not just a high hurdle to climb but a steep cliff-face to scale." *Id*. at 386. "The concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment." *Id.* To state a claim, there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. A determination of fraud on the court may be justified only by the "most egregious misconduct" directed to the court itself, and must be supported by clear, unequivocal and convincing evidence. *Id*. at 386-87. Kelly's allegations about different quantities of cocaine charged against Kelly and Campbell,[8] the introduction of 8 kilograms of cocaine seized in Ohio, and government agents' anger that he

---

[8] Kelly did not articulate grounds for a selective prosecution claim. As the government noted, Campbell was sentenced to a prison term of 262 months, which was longer than Kelly's sentence. (Crim. No. 09-274, ECF No. 73).

would not cooperate,[9]  do not rise to the level to make out valid claims of fraud on the court. Kelly is not entitled to relief on this ground.

## VIII.   Newly Discovered Evidence

In his attachment, Kelly does not clearly identify any newly discovered evidence.  The gravamen of his argument is, again, a challenge to the authorization for the wiretaps and the propriety of the grand jury proceedings.  (ECF No. 1168 at 18-23).  These issues were fully litigated and do not support relief under § 2255.  *Jackson*, 2016 WL 3014843, at *3.

## IX. Unconstitutional Sentence Enhancements

Kelly argues that his prior convictions for simple assault in violation of 18 Pa. Cons. Stat. § 2701(a)(1) at Allegheny County Crim. No. 199712947 and possession with intent to distribute in violation of 35 Pa. Stat. § 780-113(a)(30) do not count as predicate offenses for career offender status.  As discussed above, the Third Circuit Court of Appeals has affirmed numerous times that convictions under 35 Pa. Stat. § 780-113(a)(30) continue to count as predicate offenses. Kelly is correct that Pennsylvania simple assault convictions under § 2701(a)(1) are not predicate offenses.  *See United States v. Hill*, 225 F. Supp.3d 328, 339 (W.D. Pa. 2016) ("a conviction of Pennsylvania simple assault under § 2701(a)(1) is not categorically a crime of violence under the elements clause").

Kelly is not entitled to relief on that basis, however.  In *United States v. Zabielski*, 711 F.3d 381, 388 (3d Cir. 2013), the court explained that if there "was a high probability that the district court would have imposed the same sentence regardless of the applicable advisory Guidelines range, [ ] any error made in calculating the Guidelines range was harmless."  Even though the

---

[9] In his response to the surreply, Kelly also alleges fraud by the government in informing the court that he had $104,000 on his person on June 30, 2008, and was involved in another 4 kilogram deal.  (ECF No. 1239 at 37-40). These allegations are too conclusory to merit further discussion. *Thomas*, 221 F.3d at 437.

advisory guideline range of 360 months to life was based on Kelly's career offender status, Kelly was actually sentenced to the statutory mandatory minimum term of imprisonment of 240 months. The court was not statutorily authorized to impose a lesser term of imprisonment. Because there was no lower sentence that the court could have imposed, any error in calculating Kelly's advisory guideline range was harmless.

Kelly also argues that the court failed to comply with the colloquy required by § 851(b) to allow him to challenge his state convictions. In *United States v. Thomas*, No. 06-299-1, 2016 WL 4734707, at *3 (W.D. Pa. Sept. 9, 2016), aff'd, 750 F. App'x 120 (3d Cir. 2018), the court rejected a similar argument and explained:

> Pursuant to 18 U.S.C. § 851(b), the court "shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information...." Although the court did not conduct that specific colloquy with Thomas, he was not entitled to such a colloquy because a defendant may not challenge the validity of any prior conviction which occurred more than five years before the date of the § 851 information alleging such prior conviction. *See* 21 U.S.C. § 851(e). "Multiple circuits have held that a district court is not required to adhere to the rituals of § 851 (b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement." *Irrizari v. United States*, 153 F.Supp.2d 722, 729-30 (E.D. Pa. 2001) (citing *United States v. Flores*, 5 F.3d 1070, 1081-82 (7th Cir. 1993); *United States v. Housley*, 907 F.2d 920, 921-22 (9th Cir. 1990); *United States v. Nanez*, 694 F.2d 405, 412-13 (5th Cir. 1982)).

In Kelly's case, his state convictions (in 1997 and 2004) occurred more than five years prior to the date of the § 851 Information (in 2012). Kelly was statutorily barred from attacking it and therefore is not entitled to relief. See 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."). In any event, Kelly had a full and fair opportunity to challenge the § 851

enhancement as part of the presentence investigation report and objections thereto. *See United States v. Kent*, 93 F. App'x 460, 463 (3d Cir. 2004) (failure to ask defendant to affirm prior conviction over five years ago was harmless error).

In sum, Kelly is not entitled to § 2255 relief on this ground.


## X.  Conclusion

For the reasons set forth above, the pro se § 2255 motion filed by Kelly (ECF No. 1166) will be DENIED.  The denial is without prejudice to Kelly's ability to file a separate motion under the First Step Act.  The motion for discovery of attorney-client privileged communications filed by the government (ECF No. 1217) will be DENIED AS MOOT.

Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Because Kelly did not meet this standard, a certificate of appealability will not issue.  Civil Action No. 18-842 will be closed.

An appropriate order follows.


By the court:

July 30, 2019                                     /s/ JOY FLOWERS CONTI
                                                 Joy Flowers Conti
                                                 Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　v.　　　　　　　　)　　Criminal No.  08-374-12
　　　　　　　　　　　　　　　　)　　Civil No. 18-492
JEROME LAMONT KELLY,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　)

## ORDER

AND NOW, this 30th day of July, 2019, it is HEREBY ORDERED that for the reasons set forth in this memorandum opinion, the pro se § 2255 motion filed by defendant Jerome Kelly (ECF No. 1166) is DENIED.  The motion for discovery of attorney-client privileged communications filed by the government (ECF No. 1217) is DENIED AS MOOT.  A certificate of appealability will not issue.  Civil Action No. 18-842 will be closed.

By the Court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge